**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MISSOURI ELECTRIC<br>COOPERATIVES, d/b/a<br>ASSOCIATION OF MISSOURI<br>ELECTRIC COOPERATIVES;<br>ASSOCIATION OF MISSOURI<br>ELECTRIC COOPERATIVES-PAC;<br>DAVID KLINDT;<br>and LEGENDS BANK, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| | ) | Case No. _____ |
| Plaintiffs, | )<br>) | |
| vs. | )<br>) | |
| STATE OF MISSOURI, and<br>THE MISSOURI ETHICS COMMISSION<br>AND ITS COMMISSIONERS:<br>NANCY HAGAN, BILL DEEKEN,<br>ERIC L. DIRKS, DON SUMMERS,<br>KIM BENJAMIN AND<br>GEORGE RATERMANN, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

<u>**PETITION FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**</u>

For their cause of action against Defendants, Plaintiffs allege as follows:

<u>**INTRODUCTION**</u>

1.      On November 8, 2016, Article VIII, Section 23 of the Missouri Constitution became effective as the law of the State.

2.      That Section prohibits: (1) any political committee or political party from accepting contributions from certain (but not all) foreign entities; (2) political action committees from accepting contributions from certain (but not all) Missouri entities; (2) political action committees from accepting contributions from state political action committees.

CORE/0839104.0003/130190106.7

3.      The provisions of Article VIII, Section 23 violate the free-speech and associational rights guaranteed in the First Amendment to the United States Constitution and Article I, Section 8 of the Missouri Constitution, as well as the equal protection rights guaranteed in the Fourteenth Amendment to the United States Constitution and Article I, Section 2 of the Missouri Constitution.  Because of these violations, the enactment of Article VIII, Section 23 through Initiative Petition 2016-007 was also an improper use of the initiative process.

## PARTIES

4.      Plaintiff Missouri Electric Cooperatives, doing business as Association of Missouri Electric Cooperatives ("AMEC") is a Missouri benevolent corporation doing business in the State of Missouri. It is organized pursuant to the provisions of Chapter 352, RSMo (Religious and Charitable Associations).

5.      AMEC is an association of nonprofit, member-owned rural electric cooperative membership corporations, organized pursuant to the provisions of Chapter 394, RSMo (Rural Electric Cooperatives).

6.      AMEC has at least one member which is not a Missouri domestic corporation.

7.      Association of Missouri Electric Cooperatives-PAC ("AMEC-PAC") is a political action committee authorized by Chapter 130, RSMo (Campaign Finance Disclosure), and formed and maintained by AMEC.

8.      AMEC's members (both domestic and foreign) have made contributions to AMEC-PAC in the past and desire to continue to do so in the future.  AMEC-PAC desires to continue to receive contributions from all of its members (both domestic and foreign).

2

9.      AMEC-PAC has received and desires to continue to receive contributions from a corporation which is not a Missouri domestic corporation and which is authorized to do business in Missouri, but not as a limited liability company.

10.     For example, in just the three months from October 1, 2015 through December 31, 2015, AMEC-PAC received contributions from Atchison Hold Electric Cooperative, Central Electric Power Cooperative, Intercounty Electric Cooperative, and Northeast Missouri Electric Power Cooperative, all of which are rural electric cooperatives organized pursuant to the provisions of Chapter 394, RSMo (Rural Electric Cooperatives), and KAMO Electric Cooperative, Inc., doing business as KAMO Power, an Oklahoma corporation authorized to do business in Missouri pursuant to Chapter 355.  But for the unconstitutional provisions of Article VIII, Section 23, AMEC-PAC would continue to receive, and AMEC's members would continue to make, contributions.

11.     AMEC-PAC has made and received contributions to/from other state political action committees in the past and desires to continue to do so in the future.  But for the unconstitutional provisions of Article VIII, Section 23, AMEC-PAC would continue to make and receive contributions from other state political action committees.

12.     Plaintiff David Klindt ("Klindt") is an individual residing in Jefferson City, Missouri.  Klindt is a Missouri taxpayer and an officer of AMEC.

13.     Plaintiff Legends Bank ("Legends") is a Missouri state chartered bank doing business in the State of Missouri. It is organized pursuant to the provisions of Chapter 362, RSMo (Banks and Trust Companies).

CORE/0839104.0003/130190106.7

14.     Legends has made contributions to political action committees formed by members of the Missouri Bankers Association in the past and desires to continue to do so in the future.  But for the unconstitutional provisions of Article VIII, Section 23, Legends would continue to make contributions to political action committees.

15.     Initiative Petition 2016-007 was adopted by the voters of the State of Missouri on November 8, 2016.

16.     By operation of the Missouri Constitution Article III, Section 51, Initiative Petition 2016-007 became effective as the law on November 8, 2016 and is now known as Article VIII, Section 23 of the Missouri Constitution.

17.     Defendant State of Missouri, through various officers, has enacted and intends to enforce the unconstitutional provisions of Article VIII, Section 23.

18.     Defendant Missouri Ethics Commission is charged with enforcing Missouri laws related to campaign finance, ethics, and lobbying, including the provisions of Article VIII, Section 23.

19.     Defendant Missouri Ethics Commission operates at the direction of Defendant Commissioners Nancy Hagan, Bill Deeken, Eric L. Dirks, Don Summers, Kim Benjamin, and George Ratermann (the "Defendant Commissioners").

20.     Upon information and belief, defendant Commissioner George Ratermann resides in St. Louis, Missouri.

21.     Upon information and belief, the remaining Defendant Commissioners reside in the state of Missouri.

22.     Defendant Commissioners intend to enforce the unconstitutional provisions of Article VII, Section 23.

4

23.     Defendant Commissioners are being sued in their official capacity.

## JURISDICTION AND VENUE

24.     This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 to enforce Constitutional rights guaranteed to it under the First and Fourteenth Amendments to the United States Constitution and Article 1, Sections 2 and 8 of the Missouri Constitution.

25.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## ASSOCIATIONAL STANDING

26.     AMEC (the "Association") has standing to bring this lawsuit on behalf of its Missouri and foreign members.

27.     The Association's members would have standing to sue in their own right because Article VIII, Section 23 infringes their free-speech, associational, and equal-protection rights under the United States and Missouri Constitutions.

28.     The interests that the Association seeks to protect—the right to fully participate in the political process in Missouri—are germane to its purposes.

29.      AMEC counts among one of its many purposes, "[t]o act in the interest of rural electrification in matters before national, state, county and municipal legislative bodies, and before all administrative and regulatory agencies."

30.     Neither the claims asserted nor the relief requested requires the participation of individual members in the lawsuit.

## ALLEGATIONS COMMON TO ALL COUNTS

31.     On November 8, 2016, Missouri voters adopted Initiative Petition 2016-007, which proposed amending Article VIII of the Missouri Constitution to add Section 23.

5

32.     By operation of the Missouri Constitution Article XII, Section 2(b), Initiative Petition 2016-007 became effective as the law on December 8, 2016 and is now known as Article VIII, Section 23 of the Missouri Constitution.

33.     The Defendants intend to implement and enforce the requirements of Article VIII, Section 23.

### Ban on Contributions from Foreign Entities That Are Not LLCs

34.     Subsection 16(c) of Article VIII, Section 23.3 states that no "campaign committee, candidate committee, continuing committee, exploratory committee, political party committee, and political party" can receive contributions from "any foreign corporation that does not have the authority to transact business in this state pursuant to Chapter 347, RSMo."

35.     Missouri Chapter 347 governs domestic and foreign limited liability companies.

36.     Article VIII, Section 23.3 therefore prohibits Missouri candidates for office (and the committees that might support them), political parties (and the committees that might support them), and political action committees from receiving contributions from any foreign entity that is not a limited liability company, even if that company is properly registered to do business in Missouri.

37.     Article VIII, Section 23.3 also effectively prohibits foreign entities that are not limited liability companies from contributing to any Missouri candidate for office (and the committees that might support them), political parties (and the committees that might support them), and political action committees.

38.     Article VIII, Section 23.3 permits foreign limited liability companies that are registered to do business in Missouri to make political contributions.

CORE/0839104.0003/130190106.7

**Ban on Contributions from Certain Missouri Entities**

39.     Subsection 12 of Article VIII, Section 23.3 states that political action committees may *only* receive contributions from "individuals; unions; federal political action committees; and corporations, associations and partnerships formed under [C]hapters 347 to 360, RSMo."

40.     Missouri banks and trust companies are formed under Chapter 362, RSMo. Article VIII, Section 23.3 thus prohibits political action committees from accepting contributions from these entities, such as Legends.

41.     Missouri rural electrical cooperatives are formed under Chapter 394, RSMo. Article VIII, Section 23.3 thus prohibits political action committees from accepting contributions from these cooperatives, such as the members of AMEC.

42.     By prohibiting political action committees from accepting contributions from entities formed under Chapters other than 347 to 360, Article VIII, Section 23.3 effectively prohibits banks and rural electric cooperatives from making contributions to political action committees.

43.     Although Article VIII, Section 23.3 prohibits contributions to political action committees from certain Missouri entities—like banks and rural electric cooperatives—it does not prohibit all contributions to political action committees from all Missouri entities.

44.     Missouri entities formed under Chapters 347 through 360—including Missouri LLCs, industrial development corporations, farming corporations, general and business corporations, urban redevelopment corporations, health services corporations, professional corporations, cooperative companies, and partnerships—may contribute to political action committees under Section 23.3.

CORE/0839104.0003/130190106.7

**Ban on Contributions from Other State PACs**

45.    Subsection 12 of Section 23.3 also states that political action committees "shall be prohibited from receiving contributions from other political action committees."

46.    Article VIII, Section 23.3 thus prohibits political action committees from receiving contributions from state political action committees, such as AMEC-PAC, and effectively prohibits state political action committees from making contributions to other political action committees.

**Count I:  Article VIII, Section 23.3's Ban
on Contributions From Foreign Entities That Are Not LLC's
Is Facially Unconstitutional and as Applied to Plaintiffs**

47.    Plaintiffs incorporate the preceding paragraphs of this Petition as if fully set forth herein.

48.    The free-speech and associational rights guaranteed by the First Amendment to the United States Constitution and Article 1, Section 8 of the Missouri Constitution and the equal-protection right guaranteed by the Fourteen Amendment to the United States Constitution and Article 1, Section 2 of the Missouri Constitution apply to corporate and other entities.

49.     Article VIII, Section 23.3's ban on all political contributions from foreign entities other than limited liability companies thwarts the right of such entities to robust participation in political speech and association as guaranteed by the First Amendment to the United States Constitution and Article 1, Section 8 of the Missouri Constitution.

8

50.     Article VIII, Section 23.3's ban on political contributions from non-LLC foreign entities also violates those entities' equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, Section 2 of the Missouri Constitution because non-LLC foreign entities are denied their full speech and associational rights while limited liability companies and natural individuals retain those rights.

51.     The ban on political contributions from non-LLC foreign entities serves no government interest, much less a compelling one, and is not narrowly tailored to address any interest of the State of Missouri.

52.     Pursuant to Section 105.955, RSMo, the Missouri Ethics Commission is charged with enforcing Missouri's campaign finance laws under Chapter 130, RSMo, including the unconstitutional provisions of Article VIII, Section 23.3.

53.     Defendant Commissioners intend to deprive Plaintiffs of their constitutionally protected rights of free speech, association, and equal protection through the enforcement of Article VIII, Section 23.3

54.     In enforcing Article VIII, Section 23.3, Defendant Commissioners would be acting under color of state law to deprive Plaintiffs of their rights under the United States and Missouri Constitutions.

<u>**Count II:  Article VIII, Section 23.3's Ban**</u>
<u>**on Contributions to PACs from Entities Not Formed**</u>
<u>**Under Chapters 347 through 360 is**</u>
<u>**Facially Unconstitutional and as Applied to Plaintiffs**</u>

55.     Plaintiffs incorporate the preceding paragraphs of this Petition as if fully set forth herein.

9

56.     The free-speech and associational rights guaranteed by the First Amendment to the United States Constitution and Article 1, Section 8 of the Missouri Constitution and the equal-protection right guaranteed by the Fourteen Amendment to the United States Constitution and Article 1, Section 2 of the Missouri Constitution apply to corporate and other entities.

57.     Article VIII, Section 23.3's ban on PAC contributions from entities not formed under Chapters 347 through 360, RSMo thwarts the right of such entities to robust participation in political speech and association as guaranteed by the First Amendment to the United States Constitution and Article 1, Section 8 of the Missouri Constitution.

58.     Article VIII, Section 23.3's ban on PAC contributions from entities not formed under Chapters 347 through 360, RSMo also violates those entities' equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, Section 2 of the Missouri Constitution because those entities are denied their full speech and associational rights while entities formed under Chapters 347 through 360 and natural individuals retain those rights.

59.     The ban on PAC contributions from entities not formed under Chapters 347 through 360, RSMo serves no government interest, much less a compelling one, and is not narrowly tailored to address any interest of the State of Missouri.

60.     Pursuant to Section 105.955, RSMo, the Missouri Ethics Commission is charged with enforcing Missouri's campaign finance laws under Chapter 130, RSMo, including the unconstitutional provisions of Article VIII, Section 23.3.

61.     Defendant Commissioners intend to deprive Plaintiffs of their constitutionally protected rights of free speech, association, and equal protection through the enforcement of Article VIII, Section 23.3

10

CORE/0839104.0003/130190106.7

62.     In enforcing Article VIII, Section 23.3, Defendant Commissioners would be acting under color of state law to deprive Plaintiffs of their rights under the United States and Missouri Constitutions.

### Count III:  Article VIII, Section 23.3's Ban on PAC-to-PAC Contributions is Facially Unconstitutional and as Applied to Plaintiffs

63.     Plaintiffs incorporate the preceding paragraphs of this Petition as if fully set forth herein.

64.     The free-speech and associational rights guaranteed by the First Amendment to the United States Constitution and Article 1, Section 8 of the Missouri Constitution apply to corporate and other entities.

65.     Article VIII, Section 23.3's ban on contributions between state political action committees thwarts the right of state political action committees and their members and contributors to robust participation in political speech and association as guaranteed by the First Amendment to the United States Constitution and Article 1, Section 8 of the Missouri Constitution.

66.     The ban on contributors between state political action committees serves no government interest, much less a compelling one, and is not narrowly tailored to address any interest of the State of Missouri.

67.     Pursuant to Section 105.955, RSMo, the Missouri Ethics Commission is charged with enforcing Missouri's campaign finance laws under Chapter 130, RSMo, including the unconstitutional provisions of Article VIII, Section 23.3.

68.     Defendant Commissioners intend to deprive Plaintiffs of their constitutionally protected rights of free speech, association, and equal protection through the enforcement of Article VIII, Section 23.3

CORE/0839104.0003/130190106.7

69.     In enforcing Article VIII, Section 23.3, Defendant Commissioners would be acting under color of state law to deprive Plaintiffs of their rights under the United States and Missouri Constitutions.

**Count IV: Article VIII, Section 23's**
**Deprivation of Plaintiffs' Constitutional Rights**
**is an Improper Use of the Initiative Process**

70.     Plaintiffs incorporate the preceding paragraphs of this Petition as if fully set forth herein.

71.     Article III, Section 51 states that the initiative process shall not be used "for any other purpose prohibited by this constitution."

72.     Initiative Petition 2016-007, adopted by the voters as Article VIII, Section 23, violates the First and Fourteenth Amendments to the United States Constitution and Article I, Sections 2 and 8 of the Missouri Constitution.

73.     Because the United States and Missouri Constitutions prohibit laws impairing the rights of freedom of speech, freedom of association, and equal protection, use of the initiative process to enact a constitutional amendment impairing those rights is prohibited by Article III, Section 51 of the Missouri Constitution.

74.     Pursuant to Section 105.955, RSMo, the Missouri Ethics Commission is charged with enforcing Missouri's campaign finance laws under Chapter 130, RSMo, including the unconstitutional provisions of Article VIII, Section 23.3.

75.     Defendant Commissioners intend to deprive Plaintiffs of their constitutionally protected rights of free speech, association, and equal protection through the enforcement of Article VIII, Section 23.3, and therefore to deprive Plaintiffs of their constitutional rights under Article III, Section 51 of the Missouri Constitution.

12

76.     In enforcing Article VIII, Section 23.3, Defendant Commissioners would be acting under color of state law to deprive Plaintiffs of their rights under the United States and Missouri Constitutions.

## PRAYER FOR  RELIEF

WHEREFORE, Plaintiffs request the following relief:

77.      Declare Article VIII, Section 23.3, Subsection 16(c) facially unconstitutional and unenforceable;

78.     Declare Article VIII, Section 23.3, Subsection 16(c) unconstitutional and unenforceable as applied to Plaintiffs;

79.     Declare Article VIII, Section 23.3, Subsection 12 facially unconstitutional and unenforceable;

80.     Declare Article VIII, Section 23.3, Subsection 12 unconstitutional and unenforceable as applied to Plaintiffs;

81.      Enter a temporary restraining order and/or preliminary injunction prohibiting Defendants, their agents, or anyone acting on their behalf from executing or enforcing the unconstitutional provisions of Article VIII, Section 23 in any way;

82.     Enter a permanent injunction prohibiting Defendants, their agents, or anyone acting on their behalf from executing or enforcing the unconstitutional provisions of Article VIII, Section 23 in any way;

83.     Grant Plaintiffs reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988 and any other applicable authority; and

84.     Grant any other relief this Court deems appropriate.

CORE/0839104.0003/130190106.7

Respectfully submitted,

**STINSON LEONARD STREET LLP**


By:   */s/ Charles W. Hatfield*
　　　Charles W. Hatfield, MO Bar No. 40363
　　　Erin M. Naeger, MO Bar No. 66103
　　　230 W. McCarty Street
　　　Jefferson City, Missouri 65101
　　　(573) 636-6263
　　　(573) 636-6231 (fax)
　　　chuck.hatfield@stinson.com
　　　erin.naeger@stinson.com

　　　*Attorneys for Plaintiffs*

14