UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISSOURI ELECTRIC COOPERATIVES, d/b/a Association of Missouri Electric Cooperatives, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF MISSOURI, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

No. 4:16CV1901 CDP

# MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to transfer venue. I conclude that transfer of this case to the United States District Court for the Western District of Missouri, Central Division (Jefferson City) is appropriate under 28 U.S.C. § 1404(a), and so I will transfer the case to that Court.

## Procedural Background

This case was filed on December 7, 2016, challenging certain provisions of Missouri's campaign finance law. Article VIII, Section 23 of the Missouri Constitution became effective on November 8, 2016, after it was passed by a vote of the people under Missouri's initiative petition process. The provisions of Section 23 that plaintiffs in this case challenge restrict certain types of corporations and committees from making contributions to political parties and to certain types

of committees.

Defendants in this case are the State of Missouri and the Missouri Ethics Commission as well as the individual Commission members. Plaintiffs are suing the individual defendant commissioners only in their official capacities. Plaintiffs' amended complaint alleges that defendant George Ratermann, one of the commissioners, resides in the Eastern District of Missouri and that venue is proper in this district under 28 U.S.C. § 1391(b)(1). The Missouri Ethics Commission has its offices in Jefferson City, which is in the Western District of Missouri.

When the case was initially filed, plaintiffs did not seek immediate emergency relief. On December 19, however, they filed their Motion for Temporary Restraining Order and Preliminary Injunction. After defense counsel entered an appearance and plaintiffs' counsel requested a hearing, the Court held a telephone conference with counsel and then scheduled a temporary restraining order hearing for December 29. At that hearing and after the Court indicated that a prompt preliminary injunction hearing could be set, plaintiffs' counsel agreed to withdraw the Motion for Temporary Restraining Order. The Court then set that hearing for January 13, 2017, and set a schedule for briefing the motion. Both sides have filed multiple, extensive briefs.

Plaintiffs filed their First Amended Complaint on January 4 and the next day Todd Jones, through counsel, filed a motion to intervene as a defendant. On

January 10, 2017, I held a telephone conference (on the record) with counsel for the parties as well as counsel for the intervenor, to determine whether the proposed intervenor was seeking to participate in the preliminary injunction hearing. Counsel for the proposed intervenor indicated that he was not seeking to participate in the hearing, and so all parties indicated they would brief the motion to intervene as required by the local rules.[1]

A separate case that also challenges the same new campaign finance law was filed in the United States District Court for the Western District of Missouri on December 23, 2016. *Free & Fair Election Fund, et al. v. Missouri Ethics Comm'n, et al.,* Case No. 2:16-CV-04332-ODS. That case is brought by different plaintiffs and different plaintiffs' counsel. The Missouri Ethics Commission and the individual commissioners are defendants in both cases and are represented by the same defense counsel from the Missouri Attorney General's office.[2] No answer or other responsive pleading has yet been filed in either case, as the deadline for such filings has not yet arrived. Both cases, in other words, are in their infancy.

At the first telephone conference with counsel and again during the January 10 telephone conference, I questioned whether venue was proper in this district.

---

[1] Plaintiffs had filed their brief opposing intervention the day before the telephone conference.

[2] In the midst of all these filings and briefings, Missouri's new Attorney General was sworn in. The defense counsel's office, like other state offices in Jefferson City, was closed on Monday, January 9, 2017, for the inauguration activities.

On January 11, 2017, defendants filed their Motion to Change Venue and/or Consolidate. I then held another telephone conference with counsel for the parties, and entered an Order that the previously scheduled preliminary injunction hearing would not go forward. The Order also set a deadline for plaintiffs to show cause why I should not transfer this case to the United States District Court for the Western District of Missouri, where venue is undoubtedly proper. Plaintiffs filed their brief opposing the transfer on January 12, 2017.

## **Discussion**

Plaintiffs' amended complaint asserts that venue is proper here under 28 U.S.C. § 1391(b)(1), which provides that a civil action may be brought in "a judicial district in which any defendant resides, . . . ." Plaintiffs initially relied on the residence of one commissioner as the basis for venue in this district. In their brief opposing transfer, however, plaintiffs present two other arguments: that venue is proper under § 1391(b)(2) because the effects of the challenged Missouri law will be felt in both Missouri districts, and that the Missouri Ethics Commission is deemed a resident of both districts under § 1391(c)(2). Although I initially told the parties that I did not believe venue was proper here, I now conclude that venue is proper under 28 U.S.C. § 1391(b)(1).[3]

---

[3] Defendants cite cases and a provision of the Missouri constitution that say the residence of state agencies is Jefferson City for purposes of Missouri's venue statute. Mo. Const. Art. IV, §§ 12, 20. This is not dispositive, however, because it relates to Missouri's venue statute, not the federal law that applies here.

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted).  *See also Hafer v. Melo*, 502 U.S. 21, 25 (1991) (real party in interest in an official-capacity suit is the governmental entity and not the named official); *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012) ("A suit against state employees in their official capacities is the functional equivalent of a suit against the State.").

The general rule is that if a suit is brought against a state official in his official capacity, the official's residence is where he performs his official duties.[4] *See Simon v. Ward*, 80 F. Supp. 2d 464, 468-69 (E.D. Pa. 2000) (collecting cases but holding that because the officials were sued in their individual capacities, venue did not depend on where they performed their official duties); *Republican Party of N.C. v. Martin,* 682 F. Supp. 834, 835-36 (M.D.N.C. 1988); *Procario v. Ambach*, 466 F. Supp. 452, 454 (S.D.N.Y. 1979).  Some courts have recognized that some state officials may perform their duties in multiple judicial districts, and so venue based on residence may be appropriate in more than one district.  *See, e.g., Taylor v. White*, 132 F.R.D. 636 (E.D. Pa.1990) (state officials can be sued

---

[4] 28 U.S.C. § 1391(e)(1) provides the specific rules for federal officials sued in their official capacity, but there is no similar provision for suits against state officials sued in their official capacity.

where they maintain their offices, either in the state capitol or in district where regional offices are located in which substantial activities related to the claims took place); *Buffalo Teachers Fed'n, Inc. v. Helsby,* 426 F. Supp. 828 (S.D.N.Y. 1976). At least one court has concluded that state officials by definition must perform their duties throughout the state. *Bay Cnty. Democratic Party v. Land,* 340 F. Supp. 2d 802, 806-808 (E.D. Mich. 2004).

The office of the Missouri Ethics Commission is in Jefferson City, in the Western District. Plaintiffs contend, however, that the majority of the Commission meetings are held by teleconference, and that therefore Commissioner Ratermann performs most of his work from his home in St. Louis. I need not determine whether this is correct, however, because under the venue statute, the Ethics Commission itself is a resident of both the Eastern and Western Districts of Missouri.

> Section 1391(c)(2) provides that:
>
> an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]

Missouri statute provides that the Missouri Ethics Commission may institute judicial proceedings, Mo. Rev. Stat. §§ 105.955.14(1), 105.961.5, so it is an entity that can sue and be sued in its own name. The Ethics Commission's authority

extends throughout the state, and so there is no doubt that personal jurisdiction over it is proper in this district. Thus, it is itself a resident of this district. Because venue is proper under 28 U.S.C. § 1391(b)(1), I need not determine whether it would also be proper under § 1391(b)(2).

Defendants also seek transfer under 28 U.S.C. § 1404(a), which allows discretionary transfer of venue "for the convenience of parties and witnesses, in the interest of justice." I conclude that transfer to the Western District is appropriate under this statute.

Section 1404(a) specifically references only the convenience of parties, the convenience of witnesses, and the interest of justice. The Eighth Circuit has discussed a number of things a court could consider in making this determination, but has

> declined to offer an "exhaustive list of specific factors to consider" in making the transfer decision, *see Terra Int'l Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997), but district courts should weigh any "case-specific factors" relevant to convenience and fairness to determine whether transfer is warranted. *See Stewart Org. Inc. v. Ricoh Corp.*, 487 US 22, 29, 108 S. Ct. 2239, 1010 L. Ed. 2d 22 (1988); *Terra Int'l*, 119 F.3d at 691.

*In re Apple, Inc.,* 602 F.3d 909, 912 (8th Cir. 2010). Although a plaintiff's choice of forum is entitled to deference, it is not dispositive. *Id.* at 913.

Although requiring parties and witnesses to travel from Jefferson City to St. Louis is not normally overly burdensome, transfer to the Western District would

mean that most participants in the case would not have to travel at all.[5] Plaintiffs are from the Western District of Missouri and the defendant Ethics Commission has its office in Jefferson City. It is the Court's understanding that only one of the twelve parties to the case has a personal residence in the Eastern District, and that party wants the case to be heard in the Western District. Counsel for both sides are from Jefferson City.[6] Of course, in a case such as this, it is safe to assume that most of the witnesses would voluntarily appear in St. Louis, even if they were outside the subpoena power of the Court. In any event, issues of law will dominate, so most of the normal convenience factors one would consider are not determinative. Plaintiffs argue that transfer of this case would require them to travel to Kansas City, but this transfer will be to the Central Division of the Western District of Missouri, which is in Jefferson City, not Kansas City.

Most significantly, the pendency of a second case challenging the same statute shows that transfer of this case is in the interest of justice. Venue of the Western District case is undoubtedly proper in that case, and judicial economy

---

[5] The January 11 telephone conference was prompted by predictions of adverse weather for the Friday when the preliminary injunction hearing was scheduled; both counsel and the two witnesses listed by plaintiffs would have had to travel for the hearing had it gone forward; one of plaintiffs' arguments opposing postponing the hearing was that its witnesses had already made arrangements to travel from Jefferson City and Linn, Missouri (which is closer to Jefferson City than it is to St. Louis).

[6] Although a St. Louis based attorney entered an appearance for plaintiffs once the case was set for hearing, the lawyer who initially filed the case and who has taken the lead in all discussions with the Court is located in Jefferson City. At the first hearing, he explained to the Court that he was much more familiar with the procedures of the Western District than with those of this Court.

does not favor having lawsuits move forward in two different districts challenging the same law on the same basis. Litigating two different cases raising the same issues is not convenient to anyone. Although the courts could informally coordinate the actions, requiring judges in two different districts to rule on the same complex issues raised by these cases is inefficient and runs the risk of inconsistent rulings. *Cf. Leonhart v. McCormick*, 395 F.Supp. 1073, 1079 (W.D. Pa. 1975) ("We believe that a strong public policy would favor the litigation of substantially similar issues in the same tribunal, particularly where these issues concern the constitutionality of a particular state statute . . . ."). Although transfer does not necessarily mean the cases will be consolidated in the Western District, that is certainly an option the parties can present to that court. If the cases were to remain in separate districts, consolidation would not be possible. Even if the Western District court decided not to consolidate the cases, it could have other options for coordinating the cases, of course, such as assigning them to the same judge so the danger of inconsistent rulings would be reduced.

Finally, although plaintiffs' choice of forum and desire to have a prompt ruling on their motion for preliminary injunction are factors I have considered, those factors do not outweigh the other issues noted above. I am sure plaintiffs had some strategic reason for wanting this case to be in St. Louis instead of Jefferson City, but that is not something they have shared with the Court. It could not have

been an issue of convenience, in any event. There is no reason to believe that transfer will necessarily cause a significant delay. The motions are fully briefed, and I have granted leave for the parties to take depositions of any witnesses they intended to present at the hearing. The motions are thus ready to be presented to and decided by a judge promptly. Even if the hearing had gone forward before me on January 13,[7] it would have taken me some time to rule on these complicated issues, and so this transfer should not result in any significant additional delay in resolving the motion for preliminary injunction.

For all the above reasons,

**IT IS HEREBY ORDERED** that defendants' motion to transfer venue [41] is granted, and this case is transferred to the United States District Court for the Western District of Missouri, Central Division (Jefferson City).

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of January, 2017.

---

[7] As it turns out, the hearing could not have taken place on January 13 as this Court was closed that day because of an ice storm, so the hearing would have had to be rescheduled to a later date in any event.